UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joshua Samuel, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 17-1962 (UNA) |
| | ) |
| U.S. Parole Commission *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief can be granted).

Plaintiff is a resident of Baltimore, Maryland. He purports to sue the United States Parole Commission ("Commission"), the Bureau of Prisons ("BOP"), and Sergeant Julian Mitchell, *see* Compl. Caption, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 392 (1971). Plaintiff alleges that his constitutional rights were violated when the Commission revoked his supervised release before resolution of the predicate criminal charges, which allegedly were dismissed nine months after the revocation decision. *See* Compl. at 2-3. Plaintiff seeks $1 million in compensatory and punitive damages. *Id.* at 3.

In *Bivens*, the Supreme Court created an implied cause of action for damages against federal officials or employees who subject individuals to certain constitutional violations. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-60 (2017) (discussing "the reach and the limits" of

1

4

*Bivens*). A *Bivens* claim is against the individual wrongdoer. As a result, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Although the complaint's caption lists Mitchell as a defendant, the body of the complaint contains no allegations about Mitchell. As a result, no claim has been stated against the only permissible *Bivens* defendant. It is established that the United States, its agencies, and its employees sued in their official capacity may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted); *see Lane v. Pena*, 518 U.S. 187, 192 (1996) (the United States may be sued only upon consent "unequivocally expressed in statutory text[.]"). Congress has not waived the United States' immunity from suit for constitutional torts. *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994). Therefore, *Bivens* is simply inapplicable to the Commission and BOP. For the foregoing reasons, this case will be dismissed.[1]

Date: December 12, 2017      United States District Judge

---

[1] A separate order accompanies this Memorandum Opinion.